# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**AMIR RASHAD YOUNG**                                                **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  3:12CV867- CWR-LRA**

**CHRISTOPHER EPPS**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Amir Young was convicted in the Circuit Court of Hinds County, Mississippi, and

seeks federal habeas relief under 28 U.S.C. § 2254.  The Court finds that the petition

should be dismissed because the State court's ruling was not contrary to, or an

unreasonable application of, clearly established federal law.

### Factual and Procedural Background

Young was convicted of armed robbery and possession of a firearm by a convicted

felon in the Circuit Court of Hinds County, Mississippi.  He was sentenced to 30 years for

the armed robbery conviction and 10 years for possession of a firearm by a convicted

felon, with the sentences to be served concurrently in the custody of the Mississippi

Department of Corrections.  The relevant facts are described in the state court's opinion

as follows:

> On December 7, 2009, a black man wearing a dark hooded
> sweatshirt, a black bandana over his face, and brandishing a gun entered
> Manufacturers Carpet Outlet (MCO) on Highway 80 in Jackson,
> Mississippi. The man, who was later identified as Young, grabbed a female
> customer but immediately let go of her when Richard Flenker, a MCO
> employee, intervened. Instead, Young grabbed Flenker and forced him to

go to MCO's business office to retrieve money. Flenker told Young there was no money in the office and gave Young his wallet instead. Young then fled the building with Flenker following thirty to forty feet behind him on foot. Flenker testified that he saw Young jump a fence and get into a creek bed. Young then jumped another fence and entered a neighboring business that houses Porta–Potties (portable toilets). Flenker saw one of the doors of the Porta–Potties slam, so he waited for Young to exit. While waiting, James Phillips, an employee of Commercial Flooring, which is located in the same building as MCO, arrived and waited there with Flenker. Young then exited one of the Porta–Potties and ran across the street into an auto repair shop that is fenced on four sides by an eight-to-ten-foot chain-link fence with razor wire on the top. Because of the fencing, Flenker and Phillips were able to corner Young, who was no longer wearing a mask but still holding a gun. Flenker also saw that the gun was now missing its chamber. Young threw Flenker his wallet back and jumped a portion of the fence onto Gault Street. Phillips and an officer with the Jackson Police Department continued to pursue Young and saw Young take the gun apart and throw the cylinder and then the rest of the gun over the fence. The cylinder was never recovered. The remainder of the gun was found and entered into evidence. Flenker identified Young from a photographic lineup and identified Young on the day of trial as the man that had robbed him.

*Young v. State*, 95 So.3d 685 (Miss Ct. App. 2011), *reh'g denied* May 15, 2012, *cert.*

*denied* Aug. 23, 2012.

The Mississippi Court of Appeals affirmed Young's convictions and sentences in a written opinion on December 6, 2011. *Id.* On May 17, 2013, he filed an application to proceed in the trial court with a motion for post-conviction relief, which was denied by the Mississippi Supreme Court on June 19, 2013. In its order denying relief, the court found that Petitioner's sufficiency of the evidence claim was barred by res judicata, and his defective indictment claim was waived because it was not raised on direct appeal. The court also found that Petitioner's ineffective assistance of counsel claim lacked sufficient merit to warrant an evidentiary hearing. *Strickland v. Washington*, 466 U.S. 668 (1984).

2

Young now brings the instant petition for federal habeas relief raising the same grounds that were presented on direct appeal and in his motion for post-conviction relief:[1]

1.      The evidence was insufficient to support the convictions of armed robbery and convicted felon in possession of a firearm.

2.      The courts has [sic] misapprehended the facts and/or the law in failing to grant relief where the evidence of Young's guilt was not proven beyond a reasonable doubt.

3.      This case should be decided by the Supreme Court because it involves fundamental issues of broad public importance requiring determination by the Supreme Court.

4.      The indictment was fatally defective on the face for alleging that an inoperable gun frame was a deadly weapon on both counts of the indictment.

5.      [T]here is no motions [sic]to suppress the allege [sic] gun by the defense counsel.[2]

## Standard of Review

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

---

[1]In his initial petition, Petitioner raised the first three claims as his sole grounds for habeas relief.  On February 13, 2014, this Court granted Petitioner leave to file an amended petition to raise the claims enumerated in grounds four and five.  *See* ECF Nos. 1, 21.

[2]ECF Nos. 1, 22.

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts.  *Id.*  Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case."  *Bell v. Cone*, 535 U.S. 685 694 (2002).  The state court's decision must be objectively unreasonable, not merely erroneous or incorrect.  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment,

that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315  F.3d 491, 493 (5th Cir. 2002).  Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence.  *See* 28 U.S.C. § 2254 (e)(1).

### Discussion

In grounds one and two, Young challenges the sufficiency of the evidence.  He argues that the evidence was insufficient to support his convictions and that the state courts "misapprehended" the facts and law because the evidence failed to establish his guilt beyond a reasonable doubt.

A sufficiency of the evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt.  The only relevant question in assessing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *Jackson* requires us to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 132 S.Ct. 2060, 2064 (2012) (internal quotation omitted).  *Jackson* claims "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id.* at 2062.  In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact

5

could have agreed with the jury." *Id.* In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency of the evidence claim was "objectively unreasonable." *Id.*

In this case, the Mississippi Court of Appeals thoroughly considered the elements of armed robbery and possession of a firearm on direct appeal. The court noted that under state law, armed robbery requires "(1) a felonious taking or attempt to take, (2) from the person or from the presence, (3) the personal property of another, (4) against his will, (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." *Young,* 95 So.3d at 687 (quoting *Gladney v. State*, 963 So.2d 1217, 1221 (Miss. Ct. App. 2007)); Miss. Code Ann. § 97-3-79 (Rev. 2006).

Young does not deny that he brandished a gun during the robbery. He alleges that the statutory elements for armed robbery were not met because the gun was inoperable at the time of the robbery, and thus could not be considered a deadly weapon. However, a gun is considered a deadly weapon under Mississippi law regardless of whether it is "loaded or presently capable of committing a violent injury." *Young*, 95 So.3d at 687 (citing *Davis v. State*, 530 So.2d 694, 702 (Miss. 1988)); *see also Flowers v. State*, No. 2012-KA-01465- COA, 2014 WL 114654, *4 (Miss. Ct. App. Jan. 14, 2014) ("the condition of the gun used to commit the crime of armed robbery is irrelevant" ). Although Young nevertheless maintains that his "felonious intent" was to "loot"

6

Manufacturers Carpet Outlet and not rob its employees, a rational jury could reasonably infer from the evidence that the statutory elements of armed robbery were satisfied.

Young also claims that the statutory elements of armed robbery were not met because the victims did not fear immediate injury.  In support, he maintains that because Flenker offered him his wallet, it was not taken against his will.  However, the jury heard testimony that Young grabbed a female customer by the arm prompting Flenker to intervene.  Flenker testified he was "scared" because Young had a gun, was wearing a mask, and was "trying to rob this place."  *Young*, 95 So.3d at 687.  He also testified that Young was in a frantic rage, and while brandishing a gun, said "give me the [expletive] money.  I want this money now."[3]  Flenker then responded that there was no money in the office, walked behind a desk, gave Young his wallet, and told him to leave.  The state court rejected Young's argument for the following reasons:

> This Court had stated: "The fear element does not require the victim to be frightened or terrified, but [it] is fulfilled if the victim expects or anticipates that personal injury may result if he does not follow the assailant's instructions made while threatening the use of a deadly weapon." *Evans v. State*, 957 So.2d 430, 436 (Miss.Ct.App.2007) (citing *Harper v. State*, 434 So.2d 1367, 1368 (Miss.1983)). This issue is without merit.

*Id.*  Given the evidence and testimony at trial, a rational jury could infer beyond a reasonable doubt that Flenker expected that he or others would be harmed if he did not follow Young's demands.  Contrary to Young's claims, there was sufficient evidence to establish that the statutory elements of armed robbery were met.

---

[3]ECF No.  8-3, p.  9.

Young also charges that the State failed to prove that he was a convicted felon in possession of a firearm.  To establish possession of firearm by a convicted felon, Mississippi law requires the prosecution to prove that "(1) the person was in possession of a firearm, and (2) the person had been convicted of a felony crime."  *Young*, 95 So.3d at 688.  Contrary to his arguments on post-conviction review, Young stipulated that he had a prior felony conviction at trial.  There was also testimony from witnesses who saw him throw the gun and its cylinder over the fence.  That the gun was inoperable is irrelevant.

Under *Jackson's* sufficiency of the evidence standard, juries have broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that they "draw reasonable inferences from basic facts to ultimate facts."  *Johnson*, 132 S.Ct. at 2064 (quoting *Jackson*, 443 U.S. at 2064).  Viewing the evidence in the light most favorable to the State, the jury heard sufficient evidence from which it could rationally infer that Young committed the statutory elements of both crimes beyond a reasonable doubt.

In ground three, Young argues that his case should be decided by the Supreme Court because it involves fundamental issues of broad public importance.  In support, he rehashes the same arguments made in grounds one and two.  He also asserts that the victims were not in fear of immediate injury because the "gun-like object" was not used in a deadly manner to strike anyone.  On its face, this argument fails to assert a constitutional claim upon which habeas relief may be granted.  It is also without merit for the reasons outlined above.

In ground four, Young argues, *inter alia*, that the indictment was "fatally defective on the face for alleging that an inoperable gun frame was a deadly weapon. . . ."  He alleges that the prosecutor was overzealous in charging the indictment, and as a result, his Fifth, Sixth, Eighth, and Fourteenth Amendment constitutional rights were violated.  The Mississippi Supreme Court rejected this argument on post-conviction review as procedurally barred under Miss. Code Ann. § 99-39-21(1) because Young failed to raise it on direct appeal.[4]

Under the procedural default doctrine, federal courts are precluded from considering a habeas claim when the state court rejected the claim on an independent and adequate state law ground.  Maples v. Thomas, 132 S.Ct. 912, 922 (2012); *Hernandez v. Thaler*, 440 F. App'x 409, 415 (5th Cir. 2011).  To be adequate, a procedural bar rule must be "strictly or regularly" applied by the state courts to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995).

The Fifth Circuit has long considered the waiver bar of Miss. Code Ann. § 99-39-21 (1) to be an independent and adequate state procedural bar that is regularly and

---

[4]Miss. Code Ann. § 99-39-21 (1) provides as follows:

Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

9

consistently applied to similar claims.  *Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997).  Because Young has failed to identify instances when the Mississippi Supreme Court did not apply the procedural bar of Miss. Code Ann. § 99-39-21 (1) to the "vast majority of similar claims," he has failed to meet his burden of showing it was not strictly or regularly applied.  *Rogers v. Mississippi*, 555 F.App'x 407 (5th Cir. 2014) (quoting *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1966)).  To the extent that Young asserts that his challenges to the indictment are fundamental rights excepted from the procedural bar of Miss. Code Ann. § 99-39-21(1), "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars.  'There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.' "  *Means v. State*, 43 So.3d 438, 442 (Miss.  2010) (quoting *Crosby v. State*, 16 So.3d 74, 79 (Miss. Ct. App. 2009)).

A petitioner can overcome a procedural default under two narrow exceptions:  if he demonstrates "cause for the default and actual prejudice" or shows that "failure to consider the claim [ ] will result in a fundamental miscarriage of justice."  *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998)).  Young has not shown that either exception is met here.

To establish cause, "there must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753

(1991).[5]  Petitioner does not identify any external impediment which caused him to procedurally default his defective indictment claim.  Nor does the record reflect any action or inaction on behalf of the State that prevented him from doing so.  In addition, neither his *pro se* status nor ignorance of the law constitutes cause to overcome his procedural default.  Absent cause, this Court need not consider whether he suffered actual prejudice.  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown.") (citation omitted).

Young also fails to demonstrate that failure to consider the merits of his indictment claim would result in a fundamental miscarriage of justice.  To meet this exception, a petitioner must show that he is actually innocent; that "as a factual matter, that he did not commit the crime of the conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  Actual innocence claims must be supported with new, reliable evidence that was not presented at trial and a petitioner must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*.  at 644.  Here, Young has not asserted that any new, reliable evidence would show that it was more likely than not that a reasonable juror would not have convicted him.  Accordingly,

---

[5]Some examples of external impediments include "active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

he has failed to overcome his procedural default and his defective indictment claim is barred from federal review.

As his final point of error, Young argues that defense counsel was ineffective for failing to file a motion to suppress the "allege[d]gun."[6]  To warrant relief, Young must prove that "counsel's performance was deficient" and "the deficient performance prejudiced the defense" so gravely as to "deprive the defendant of a fair trial; a trial whose result is unreliable." *Strickland,* 466 U.S. at 687.  Counsel's performance is deficient when the representation falls below an objective standard of reasonableness; it is prejudicial when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694; *Ogan v. Cockrell,* 297 F.3d 349, 360 (5th Cir. 2002).  AEDPA additionally requires that a petitioner show that the state court's adjudication of his ineffective assistance of counsel claims was an "unreasonable application" of *Strickland*.  "Surmounting *Strickland'*s high bar is never an easy task" and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."  *Vasquez v. Thaler,* 505 F.App'x 319, 326 (5th Cir. 2013) (quoting *Premo v. Moore*, 562 U.S. 115, 131 S.Ct. 733, 739–40, 178 L.Ed.2d 649 (2011) (internal quotation marks and citations omitted)).

In this case, Young cannot show that counsel's performance fell below an objective standard of reasonableness, nor can he overcome "the presumption that, under

---

[6]ECF No.  22, p.  7.

the circumstances, the challenged action might be considered sound trial strategy.'"

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689).  The jury heard testimony from two witnesses, including the officer in pursuit, who

saw Young, during his attempt to flee, toss what appeared to be the gun and its chamber

over a fence.  The recovered gun, which was missing its chamber, was subsequently

admitted into evidence.  To the extent Young contends that the gun admitted into

evidence was not the gun that he used, the transcript clearly reflects that the defense's

strategy was to discredit the prosecution's theory that Young was in possession of a

deadly weapon.  In doing so, counsel highlighted the fact that the recovered gun was not

tested for fingerprints and that witnesses could not affirmatively identify it as the gun that

Young used.  In addition, counsel alternatively argued that the gun admitted into evidence

was not a deadly weapon because it was inoperable.  In closing argument, counsel argued

the following:

> Officer Holly couldn't say affirmatively that this is even the gun.  In
> fact, none of the witnesses said for sure when questioned . . . .  Not a single
> one of them.

> But when you're looking at this gun in terms of whether it's a deadly
> weapon, Officer Holly said there's no cylinder.  The gun is rusty.  Can't be
> fired.  What that means is this gun cannot produce, as it's in evidence, and
> the only thing you can take as evidence is what has been admitted into
> evidence.  This is the gun that's admitted into evidence. . . .

> That's the gun that they're saying is the gun.  That gun can't cause
> bodily harm to anybody.  That gun can't shoot anybody.  That's the gun that

they're saying is the gun.  Based on that jury instruction it's not a deadly weapon under the existing circumstances. . . .[7]

In light of the foregoing, Young cannot overcome the presumption that counsel employed a reasonable trial strategy.  *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) ("the filing of pre-trial motions 'falls squarely within the ambit of trial strategy'") (quoting *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)).  Nor can he show that a motion to suppress would have been successful, or that he was prejudiced by counsel's performance.  Despite his insistence that the gun was inoperable, Young has never denied that he used a gun during the commission of the crime, and the jury heard eyewitness testimony to this effect.  The fact that the gun was inoperable or incapable of causing injury is irrelevant under Mississippi  law.  Absent a showing that a motion to suppress would have yielded a different outcome, Young fails to demonstrate that counsel's performance was deficient or prejudicial.  Accordingly, he has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland*.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of*

---

[7]ECF No.  8-3, pp. 82-83.

*Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 30th day of September 2014.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

15